IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID I. WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 13-545-GMS |
| | ) |
| DEPARTMENT OF CORRECTION and | ) |
| HOWARD R. YOUNG CORRECTIONAL | ) |
| CENTER, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, David I. Walker ("Walker"), an inmate at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, filed this lawsuit pursuant to either 42 U.S.C. § 1983[1] or the Title II and V of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132 and § 12203. (D.I. 3.) He recently filed an amended complaint. (D.I. 7.) Walker appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 5.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

**I. BACKGROUND**

Walker was advised by Counselor Johnson ("Johnson")[2] on March 13, 2013, that he would be removed from the headstart home program as a result of a disciplinary matter. Johnson

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] Johnson is not a named defendant.

told him that she did not like his numerous memos indicating that he could not perform physically demanding activities. Walker submitted a grievance on the grounds that he could not be removed from a program based upon his disabilities. The next day, Walker was placed on a "thirty day last chance contract" and offered a contract to sign, which he did. Walker complied with the contract "without incident" for at least two-thirds of the thirty days and then requested to "come off early." The request was denied, after Johnson stated that "she doesn't like it when people threaten to sue her." Walker came off the contract, was promoted to assistant senior resident, and sought the senior resident position. Walker was told that his chances did not look good because it was Johnson's decision and he had written the Commissioner (the "Commissioner") of the Delaware Department of Correction ("DOC"). The program ended on April 25, 2013, Walker was denied senior residency, and transferred to another pod. He believes this occurred because he wrote the Commissioner about an incident involving himself and inmate Tyler Golon ("Golon").

Walker seeks injunctive relief for Golon to be returned to the pod where the headstart home program takes place and for all counselors be educated on the ADA. The portion of the prayer for relief seeking relief on behalf of Golon will be stricken. Golon is not a named plaintiff and Walker, as a non-attorney, may not seek relief on his behalf.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental

defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Walker proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Walker leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Walker has a "plausible claim for relief."[3] *Id.* at 211. In other words, the complaint must do more than allege Walker's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

### A. Eleventh Amendment

Walker's claims against the DOC and the HRYCI fail, to the extent that he raises § 1983 claims against them. "Absent a state's consent, the Eleventh Amendment bars a civil rights suit

---

[3] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

4

in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). The HYRCI falls under the umbrella of the DOC, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, state correctional institutions are arms of the state and not persons subject to liability under § 1983. *See Green v. Howard R. Young Corr. Inst.*, 229 F.R.D. 99, 102 (D. Del. 2005). The State of Delaware has not waived its sovereign immunity under the Eleventh Amendment. *See Ospina v. Department of Corr.*, 749 F. Supp. 572, 579 (D. Del. 1991). Hence, as an agency of the State of Delaware, the DOC and the HRYCI (which falls under its umbrella) are entitled to immunity under the Eleventh Amendment.

Walker's § 1983 claims against the DOC and the HRYCI fail as they are immune from suit. Therefore, the § 1983 claims will be dismissed pursuant to 28 U.S.C.§§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

**B. Housing Assignment**

To the extent that Walker attempts to raise a claim under § 1983 for his transfer to a different pod, the claim fails. The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. *Walls v. Taylor*, 856 A.2d 1067 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be

incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. *Olim v. Wakinekona,* 461 U.S. 238, 251(1983).

Therefore, the § 1983 housing transfer claim will be dismissed as frivolous pursuant to 28 U.S.C.§§ 1915(e)(2)(B)(i) and 1915A(b)(1).

### C. ADA

Plaintiff has raised what appear to be cognizable claims against the defendants[4] under Title II of the ADA, alleging discrimination or denial of participation in the headstart on the basis of his disability and under Title V of the ADA which prohibits coercion and/or retaliation for exercising rights under the ADA. *See* 42 U.S.C. § 12132 and § 12203.

### IV. CONCLUSION

For the above reasons, the court will dismiss the 42 U.S.C. § 1983 claims as the defendants are immune from suit and the housing assignment claim as frivolous pursuant to 28 U.S.C.§§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (2). The court will strike that portion of the prayer for relief seeking relief on behalf of Tyler Golon. The plaintiff has alleged what

---

[4]Title II of the ADA validly abrogates sovereign immunity as to state conduct that actually violates the Constitution. *See United States v. Georgia,* 546 U.S. 151, 159 (2006). As to Title V of the ADA, "[n]either the Supreme Court nor the Third Circuit has decided whether Title V is a valid abrogation of state sovereign immunity." *Karam v. Delaware Div. of Services for Children, Youth and Their Families,* 2010 WL 5343182, at *3 (D. Del. Dec. 15, 2010). Relevant case law makes clear that there is a "general principle that a Title V claim is barred if the underlying claim is barred by sovereign immunity." *Id.* at *4. Here, there is no immunity because the underlying claim is predicated upon Title II. *See e.g., Sarjussuan v. West Virginia Bd. of Governors,* 2007 WL 1308978 (N.D. W.Va. May 3, 2007).

appear to be cognizable ADA claims against the defendants, and he will be allowed to proceed against them.

An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

____May 14____, 2013
Wilmington, Delaware